PUTNAM v. MORGAN.

(Circuit Court, S. D. New York. August 12, 1909.)

POST OFFICE (§ 26*)—FRAUD ORDER—SUIT TO ENJOIN ENFORCEMENT.

A fraud order issued by a postmaster, excluding complainant from the use of the mails, *held* not so entirely unsupported by evidence as to authorize the court to enjoin its enforcement.

[Ed. Note.—For other cases, see Post Office, Dec. Dig. § 26.*

Nonmailable matters, see note to Timmons v. United States, 30 C. C. A. 79.]

In Equity.

Frank Harvey Field, for complainant.
Henry A. Wise, U. S. Atty, for defendant.

HAND, District Judge. I am not at all sure that I should have found the complainant's business fraudulent, if it had come before me for an independent decision. I certainly believe that the article sent to customers is a "new safety razor outfit," and that, if they expect more, they have only to thank the delusion of their own cupidity, which a reasonable reflection would have shown them was without just basis. Perhaps it is a misstatement of the seller's intention to say that she gives away a razor "free," if ten cents is more than she ever means in fact to charge for the soap, when it is sold alone. I should think, with the learned Assistant Attorney General, that that might be a material misrepresentation of her existing intent; but I do not see that there is adequate evidence that the complainant never expects to sell her soap alone at ten cents. The fact that she sold it for two cents upon another offer of similar kind would not be enough to satisfy me of the proof of this affirmatively.

But it is of no moment whether or not this case may be an instance of the dangers of this kind of determination by an executive officer.

---

The sole question is whether he has exceeded the functions which the statute gives him. If he has not, he has committed no tort which I may enjoin. I should have thought that it was enough for him to plead that the "fraud order" was the result of his being "satisfied" upon a bona fide inquiry that a fraud was being practiced. The determination was given to him, and his honest decision should be a final answer to any claim based upon the illegality of his act, since the statute gives no one any power to review his decision.

However, in School of Magnetic Healing v. McAnnulty, 187 U. S. 95, 23 Sup. Ct. 33, 47 L. Ed. 90, the Supreme Court seems, if I understand that case correctly, to have decided that, if the postmaster has acted without any evidence whatever on which to base his decision, he has exceeded his statutory authority and has committed a tort which a court may enjoin. The cases of Bates & Guild Co. v. Payne, 194 U. S. 106, 24 Sup. Ct. 595, 48 L. Ed. 894, and Public Clearing House v. Coyne, 194 U. S. 497, 24 Sup. Ct. 789, 48 L. Ed. 1092, limit this rule at least to the extent of giving presumptive validity to the postmaster's decisions, even upon the construction of the law, though I do not feel that I entirely understand just what is the extent of the presumption. As applied to an issue of fact it supplies the place of evidence, but as used here I understand by it rather that it can only be in a clear case of error that a court can overrule the decision of the postmaster, even on the law. His decision on the facts is final, if there be any evidence at all on which he may act.

In this case I cannot say that there was no evidence upon which he might have found that the complainant did not intend ever to sell her soap at ten cents a cake, but that it was a mere fetch for her to represent it as sold at that price with the razor thrown in at first, for an advertisement. If it be a question of law whether the postmaster had any evidence at all to go on, and if I must have a clear case of error upon that question of law, I cannot say that the continued sale of razor and soap together, the trifling cost of the soap, the profit on the transaction, as the postmaster has found it, and the other sales of soap at two cents, do not together make some evidence that the complainant never meant bona fide to sell her soap alone at the figure she put on it, when she gave away the razor "free."

Again, even if the article sent be in fact a "new safety razor outfit," I will not say that the most malign interpretation which can in reason be put on those words would not justify the expectation of much more than what the purchaser actually got. Personally, as I have said, I should not have held the complainant to so strict an interpretation of her advertisement. I think the razor fairly answers the description; but, if a writ is to go, I must go further, and hold that no one can reasonably conclude anything else, and I will not say that.

With the limited jurisdiction which I have, even under School of Magnetic Healing v. McAnnulty, supra, I do not think I can do anything else than deny the motion, and therefore I deny it.